UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WAYNE E. COUSIN,<br><br>         Plaintiff,<br><br>  - against -<br><br>GORDON & SILBER, P.C. and ARTHUR G. COHEN,<br><br>         Defendants. | Index No.:<br><br>**COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Wayne E. Cousin ("Cousin" or "Plaintiff"), as and for his Complaint against defendants GORDON & SILBER, P.C. AND ARTHUR G. COHEN:

## PRELIMINARY STATEMENT

Defendants entered into a written Employment Agreement (the "Agreement") during the course of plaintiff's employment tenure at the professional corporation, defendant GORDON & SILBER which created an obligation by defendants to, among other things, pay plaintiff a share of plaintiff cases brought into the firm, as well as make payments to plaintiff upon termination of the Agreement between the parties when plaintiff left the firm in April of 2019. Despite plaintiff fulfilling his obligations under the Agreement, defendants have utterly failed to adhere to their obligations and have breached the Agreement, resulting in money damages to plaintiff. This Complaint seeks to make defendants honor their Agreement with Cousin to pay to plaintiff what is owed to him.

## JURISDICTION

1. This Court has personal jurisdiction over the defendants because defendant GORDON & SILBER, P.C. had its principle place of business in New York County, State of New

{G0344357}

York.  Defendant COHEN is a New York State resident with his address at 5 Woodsford Bend, Briarscliff Manor, New York. Plaintiff resides in the State of New Jersey.  This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. 1332(a) based on diversity of parties.  Plaintiff and defendants are citizens of different states and the amount in controversy exceeds $75,000.00.

2. Venue in this Court is proper as it is the place where a substantial part of the events or omissions giving rise to this lawsuit took place.

## THE PARTIES

3. Plaintiff is a natural person, who resides at 4 Logan Lane, Manalapan, New Jersey 07726.

4. Upon information and belief, defendant, GORDON & SILBER, P.C. is a professional corporation which was organized in the State of New York, which during the relevant period operated as law firm specializing in medical malpractice defense litigation, along with general negligence defense litigation. GORDON & SILBER'S principal place of business at the time of the events at issue was 355 Lexington Avenue, New York, New York 10017.

5. Upon information and belief, ARTHUR G. COHEN, during the times at issue in this Complaint, was a shareholder with the professional corporation GORDON & SILBER, specifically its Chief Executive Officer and President.  As CEO and President, Mr. Cohen had certain fiduciary responsibilities to the other shareholders of the professional corporation.

## FACTS

6. COUSIN joined defendant GORDON & SILBER in 2001 as an associate attorney.  After six months, COUSIN was elevated to Senior Associate, and in 2006, he was promoted to "Partner".  Upon being elevated to "Partner", GORDON & SILBER offered COUSIN 5 shares of

professional corporation stock in the company, which COUSIN purchased, and entered into an agreement with COUSIN which set forth the terms of his promotion to "Partner".

7. On December 5, 2016, the parties entered into a new Employment Agreement ("the Agreement"). The Agreement was the product of heated and extensive negotiations between those who owned the majority of the corporation (Cohen, Dince, Gold, Adelson, Wasserman, Kaufman), and the minor shareholders, a group which included the plaintiff.

8. The Agreement, among other things, contained clause 5(d), which constitutes a buy-out provision, which reads as follows:

> (d) The Corporation or Attorney may terminate Attorney's employment with the Corporation without Cause on one hundred eighty (180) days' prior written notice, in which case Attorney's employment with the Corporation shall terminate on the 180th day following such notice. At its sole discretion, the Corporation may accelerate such notice period by paying Attorney his or her base salary for the remainder of the 180-day notice period, such payment to be made at the time of the Corporation's regular payroll periods, on the condition that
>
> Attorney sign and not revoke a general release in favor of the Corporation.

9. COUSIN gave written notice of his termination of the Agreement with GORDON & SILBER, P.C. on April 10, 2019.

10. Subsequent to receiving COUSIN's written notice of resignation, the majority shareholders at GORDON & SILBER attempted to retain COUSIN with an offer of more base salary, which COUSIN respectfully declined. COUSIN, in an email dated April 11, 2019, requested that the majority shareholders advise COUSIN of his last day.

11. On April 12, 2019, shareholders of GORDON & SILBER expressed that the firm was accelerating COUSIN's notice period to make his last day Wednesday, April 17, 2019, as GORDON & SILBER had the right to do under the Agreement in its sole discretion.

12. After accelerating COUSIN's notice period, GORDON & SILBER triggered the buy-out provision of the Agreement, and had a duty to pay COUSIN his base salary for the remainder of the 180 notice period as set forth in the Agreement.

13. GORDON & SILBER breached the Agreement with COUSIN by failing to make further payments to COUSIN in accordance with clause 5(d) of the Agreement. To date, not one payment has been made.

14. The Agreement also had a clause in which GORDON & SILBER agreed to pay one-third of any fees collected for any plaintiff suits which were brought into the practice and kept by the corporation.

15. COUSIN brought in plaintiff cases to the firm, resulting in generating fees in excess of $25,000.

16. GORDON & SILBER never paid COUSIN any portion of the fees it collected on plaintiff cases brought in by COUSIN.

17. GORDON & SILBER and its shareholders breached the Agreement with COUSIN by failing to make payments representing the portion of fees collected in plaintiff matters.

18. Upon being elevated to shareholder, COUSIN received 5 shares of GORDON & SILBER stock, for which COUSIN paid $5,000.00.

19. Upon termination of said Agreement, COUSIN was not provided payment for return of those shares to the Corporation.

20. GORDON & SILBER breached its Agreement by failing to return those monies.

**FIRST CAUSE OF ACTION**
Breach of Contract Against Defendants

21.     Plaintiff repeats and realleges the allegations in paragraphs 1 through 18 above as if fully set forth at length herein.

22.     COUSIN and DEFENDANTS entered into a valid and binding written Agreement which set forth expressly obligations of COUSIN in consideration for compensation.

23.     COUSIN performed his obligations under the contract without breach, whereas, on the other hand, GORDON & SILBER and its senior shareholders breached their agreement by failing to compensate COUSIN in accordance with the Agreement.

24.     Defendants' failure to pay COUSIN is a breach of the agreement.

25.     COUSIN has been damaged as a result of the defendants' breach of the Agreement in an amount which exceeds the jurisdictional minimums for this venue.

**SECOND CAUSE OF ACTION**
Breach of Fiduciary Duty

26.     Plaintiff repeats and realleges the allegations in paragraphs 1 through 23 above as if fully set forth at length herein.

27.     While acting as officers of GORDON & SILBER, the individually named defendant COHEN had a fiduciary duty to responsibly manage the professional corporation and avoid engaging in criminal or other conduct which would jeopardize the financial solvency and health of the corporation so it could meet its financial and contractual obligations to other shareholders.

28.     The individual shareholder COHEN breached their fiduciary duty toward the plaintiff, resulting in damages which exceed the jurisdictional minimums for this jurisdiction.

29. As such, the plaintiff demands damages, restitution, and an accounting of the balance sheets of GORDON & SILBER, as well as enforcement of the contractual obligations agreed upon in the Agreement by defendants.

### THIRD CAUSE OF ACTION
Promissory Estoppel Against Defendants

30. Plaintiff repeats and realleges the allegations in paragraphs 1 through 27 above as if fully set forth at length herein.

31. In words or conduct, the Defendants agreed to pay COUSIN thousands of dollars in satisfaction of their contractual obligations in the Agreement, as well as additional thousands of dollars in distributions promised to plaintiff upon plaintiff being named a shareholder of the corporation.

32. These promises were clear and unambiguous.

33. COUSIN relied on these promises when performing services for GORDON & SILBER in satisfying the written contract between the parties.

34. COUSIN'S reliance was reasonable and foreseeable.

35. COUSIN has been damaged by the Defendants' refusal to pay their contractual obligations under the Agreement in an amount which surpasses the jurisdictional minimums.

### FOURTH CAUSE OF ACTION
Unjust Enrichment Against Defendants

36. Plaintiff repeats and realleges the allegations in paragraphs 1 through 33 above as if fully set forth at length herein.

37. Defendants requested, encouraged, accepted and/or utilized COUSIN'S services, knowledge, and expertise as COUSIN satisfied the terms of the Agreement.

38. COUSIN'S services to the defendants resulted in large financial benefits to Defendants.

39. Defendants have refused to compensate COUSIN for such services.

40. Defendants' enrichment has come at the expense of COUSIN.

41. The circumstances here are such that in equity and good conscience Defendants should make restitution to COUSIN in an amount to be determined at trial, but in an amount not less than $150,000.00.

**WHEREFORE**, Plaintiff demands judgment against Defendants for the following:

a. Compensatory damages;

b. Punitive damages;

c. Attorney's fees and costs;

d. Interest; and

e. Such other and further relief as the court deems just and necessary.

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: March 30, 2020
Manalapan, New Jersey

By: _____
Wayne E. Cousin, Esq.
4 Logan Lane
Manalapan, New Jersey 07726
Tel.: (732) 863-1488