WAYNE E. COUSIN, ESQ.
4 Logan Lane
Manalapan, NJ 07726
(646) 656-1856

July 9, 2020

**VIA ECF**
Hon. Lorna G. Schofield
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   Cousin v. Gordon & Silber, P.C. and Cohen
      Index No.: 1:20-cv-02661-LGS

Dear Judge Schofield:

I am the plaintiff in the above referenced contract matter. Please allow this correspondence to serve as a request that the Court compel Defendant Cohen to comply with the June 18, 2020 Protective Order.

On July 8, 2020, counsel for defendant Arthur Cohen moved to dismiss prior to interposing an answer. Though the motion to dismiss was on the pleadings, Cohen submitted exhibits. Specifically, Exhibit 2 of the motion filed via the ECF system is an unredacted copy of the 2016 contract which is at the heart of the matter which contains plaintiff's salary information. When I asked Cohen's counsel in an email dated July 9, 2020 whether the contract was redacted in accordance with the June 18, 2020 Protective Order, Cohen's counsel promptly responded they had not done so because they did not deem the contract "discovery material".

The joint letter signed by all parties to your Honor dated May 14, 2020 specifically indicated plaintiff was requesting a protective order "allowing for redaction of specific monetary amounts in filed documents such as salary, bonuses, etc."

According to the Protective Order, section 1, "Discovery Material" is defined as "information of any kind produced to or disclosed pursuant to and in course of discovery in this action." There can be no denying that the contract which is at the very heart of this contract matter is discoverable material, yet Cohen's counsel tries behind the technicality that his motion is pre-answer to publicize private information about me on the internet.

While I understand that technically, Cohen has not answered in this case, the defendant has nonetheless engaged in early discovery, serving initial demands and responses. Therefore, I would argue, this contract is surely discovery material, and should be redacted.

As such, I respectfully request that this Court issue an Order compelling Cohen's counsel to withdraw exhibit 2 of their motion to dismiss and re-filing it in redacted form immediately. In the event that this Honorable Court does not believe the Protective Order categorizes this as

"discovery material" rising to the level of requiring its redaction, I respectfully request a supplemental Protective Order be issued to include the contract.

Thank you for your kind consideration.

Respectfully submitted,

Wayne E. Cousin
Plaintiff

Plaintiff's application to redact his salary information from the employment agreement at Dkt. No. 35, Exhibit 2, is GRANTED.  Dkt. No. 35 will be stricken, and Defendant Cohen shall re-file the declaration and its attachments with Plaintiff's salary information redacted.

Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal quotation marks omitted); s*ee also Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.").

The proposed redaction is narrowly tailored and necessary to prevent dissemination of personal information prejudicial to Plaintiff.  The proposed redaction will not impair the public's ability to understand the merits of the case.  The balance of competing considerations may result in different decisions based on the same circumstances in other filings.  Plaintiff's application to compel Defendant Cohen's compliance with the protective order is DENIED as moot.

The Clerk of Court is respectfully directed to close Dkt. No. 36 and to strike Dkt. No. 35.

Dated: July 10, 2020
New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**