

Chicago
New York
Washington, DC
London
San Francisco
Los Angeles
Singapore
vedderprice.com

September 15, 2020

Jonathan A. Wexler
Shareholder
+1 212 407 7732
jwexler@vedderprice.com

**BY ECF**

Hon. Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY  10007

Re:   <u>Wayne E. Cousin v. Gordon & Silber, P.C. and Arthur Cohen;  Case No. 1:20-cv-02661-LGS</u>

Dear Judge Schofield:

We represent defendant Gordon & Silber, P.C. ("G&S" or the "Firm") in the referenced action.  Because G&S and plaintiff have not been able to resolve the discovery dispute that was presented to the Court in my letter of September 1, 2020 (ECF Document 43), we write this joint letter pursuant to the Court's Order of September 8, 2020 (ECF Document 46).

**<u>The Firm's Position</u>**

This case arises from, among other allegations, plaintiff's claim that defendants breached plaintiff's employment agreement with G&S, a law firm concentrating in medical malpractice defense (along with other practice areas).  Specifically, plaintiff asserts that he is owed, among other things, approximately 180 days of salary as a result of the Firm's allegedly having "accelerated" his departure from G&S following his resignation from the Firm's employ in April 2019.  It is the Firm's position that (i) plaintiff failed to give the requisite 180 days' notice of resignation which 180-day notice was a condition precedent under the employment agreement to his eligibility for the up to 180 days of pay that he seeks in this case, and (ii) that G&S did not, in any event, accelerate his departure date, especially since plaintiff failed to provide 180 days' notice of resignation or advise the Firm of a specific departure date which would have been susceptible of acceleration.[1]

The discovery dispute about which we write relates to the Firm's understanding (derived from statements by plaintiff to G&S partners in or about April 2019) that plaintiff had secured employment with another law firm – Sheeley LLP – that has a medical malpractice defense practice.  G&S believes that one of the reasons that plaintiff did not provide 180 days' notice of resignation is that he had obtained employment at Sheeley while still employed at G&S and had planned to begin employment with Sheeley immediately or shortly after his departure from G&S.  In fact, he began his employment

---

[1]  Plaintiff's offer in the last paragraph of his resignation letter (which was attached to ECF Document 43) to "go over any deadlines on my cases which exist, and to help in any way I can to transition my caseload to other employees" is inconsistent with an intention of staying with the Firm for six more months.

1633 Broadway, 31st Floor  |  New York, New York 10019  |  T +1 212 407 7700  |  F +1 212 407 7799

Vedder Price P.C. is affiliated with Vedder Price LLP, which operates in England and Wales, Vedder Price (CA), LLP, which operates in California, and Vedder Price Pte. Ltd., which operates in Singapore.

VP/#39518258.2

Hon. Lorna G. Schofield
September 15, 2020
Page 2

with Sheeley soon after leaving the Firm and promptly initiated the transfer of pending litigations from G&S to Sheeley. Accordingly, the Firm included the following among its first set of document requests:

> 9. Documents concerning plaintiff's employment by Sheeley LLP, including without limitation offer letters, emails or text messages between plaintiff and any employee of Sheeley LLP regarding your hiring by Shelley LLP, and employment agreements.
>
> 10. Documents concerning any request by plaintiff and/or Sheeley LLP for the transfer of cases that were being handled by G&S from G&S to plaintiff and/or Sheeley LLP, including without limitation correspondence from clients of G&S to G&S making requests for such transfer of cases.
>
> 11. Documents concerning communications between plaintiff and any client of G&S, or between plaintiff and any insurer of any client of G&S, whether during or after the end of plaintiff's employment with G&S, regarding plaintiff's employment or intended employment by Sheeley LLP.

In his original response to these three document requests, plaintiff only interposed objections, and failed to produce any documents in response to any of them.[2] Plaintiff and counsel for the Firm exchanged correspondence setting forth their respective positions on this dispute and discussed those positions yesterday by telephone, but plaintiff continues to refuse to produce documents responsive to these requests, despite the fact that he is admittedly in possession of same.

Under Fed. R. Civ. P. 26(b)(1), parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. *Morshed v. St. Barnabas Hosp.*, No. 16-cv-2862, 2017 U.S. Dist. LEXIS 19610, at *3 (S.D.N.Y. Feb. 10, 2017) (Schofield, J); *Royal Park Invs. SA/NV v. U.S. Bank N.A*., 349 F. Supp. 3d 282, 287 (S.D.N.Y. 2018). The Firm urges that the information sought by the document requests in question bears squarely on the issue of plaintiff's availability, or not, for the 180-day notice period, and, therefore, satisfies the relevance requirements of Rule 26(b)(1). Although not unlimited, relevance, for purposes of discovery, is a broad concept. *In re Energetic Tank, Inc*, No. 18-cv-1359, 2019 U.S. Dist. LEXIS 204658, at *8 (S.D.N.Y. Nov. 22, 2019), quoting *Condit v. Dunne*, 225 F.R.D. 100, 105 (S.D.N.Y. 2004). In addition, G&S believes that the number of documents that are responsive to these requests is relatively modest, such that the proportionality requirement of Rule 26(b)(1) is satisfied.

Accordingly, G&S respectfully requests that the Court direct plaintiff to produce all documents in his possession that are responsive to the Firm's Document Requests 9, 10, and 11.

**Plaintiff's Position**

Plaintiff has supplemented his responses to plaintiff's initial demands for discovery and exchanged documents pertaining to the transfer of cases. Specifically, plaintiff has responded to demand No. 10 above by providing copies of any and all consent to change attorney forms in plaintiff's possession. All of these consents are dated after plaintiff's departure from G&S. Plaintiff otherwise does not have documents responsive to #10.

---

[2] Plaintiff has since, in response to the Firm's Document Request No. 10, produced several publicly-filed documents regarding his request for the transfer of cases from G&S to Sheeley LLP.

Hon. Lorna G. Schofield
September 15, 2020
Page 3

Plaintiff contends G&S's demand for offer letters and employment agreements in demand No. 9 is not reasonably related to any claim or defense.  By seeking this information, G&S is merely attempting to cloud the issues here which are relatively straightforward – whether G&S breached its contract to plaintiff, a separating partner, by refusing to pay under a severance clause in the employment agreement.  An offer is not tantamount to an acceptance, and even if produced, offer letters do not show that plaintiff secured employment with another employer.  As such, plaintiff contends G&S's demand is not reasonably related to G&S's claim plaintiff failed to give the 180 days' notice to G&S. It is plaintiff's position he absolutely provided appropriate notice to G&S.  Plaintiff was well-aware of the contract terms, as were his employers at G&S, who had this clause in its employment agreements for decades.  The parties have exchanged copies of emails which show plaintiff waited until G&S chose to accelerate plaintiff's departure, and set the date of that departure from the firm, before deciding on or accepting his next job position.

Plaintiff further argues the clause in the Employment Agreement at issue, 5(d), is not contingent on whether the partner departing from the firm procured employment elsewhere.  G&S's counsel alludes to the fact that plaintiff went to work for Sheeley LLP, another malpractice defense firm, as if to infer the clause at issue in this contract case is a non-compete clause.  However, there is nothing in the employment agreement at issue which precludes a shareholder separating from G&S from taking a job anywhere, including at a competing firm, after the expiration of the date of departure.

Therefore, offer letters and employment agreements at subsequent firms have no impact on whether G&S is obligated to pay plaintiff under the contract and thus go beyond the reasonable scope of discovery in this case.

With respect to demand #11, plaintiff has already indicated he has no documents concerning communications between plaintiff and any client or insurer of G&S regarding plaintiff's employment or intended employment at Sheeley LLP during plaintiff's employment at G&S.  Any documents post-date the date of departure. As for any communication after employment ended at G&S, it is plaintiff's position said demand improperly fails to limit itself to a specific time period, is overly burdensome, is subject to attorney-client privilege, is not reasonably related to any claim or defense and there is no good reason to go beyond the ordinary scope of discovery, and is designed to harass the plaintiff.  These documents have no bearing on G&S's claim that plaintiff failed to make himself available for the 180 day notice period under 5(d) since none of the emails are dated during the time period plaintiff was still employed at G&S.

In addition to the above issues raised by G&S, plaintiff also has not received responses to several of his demands on both defendants.  A supplemental demand for documents was also served by plaintiff, to which neither defendant has provided a substantive response.[3]  As such, plaintiff will also be writing a letter motion seeking that outstanding discovery.

---

[3]  In response to this statement by plaintiff, the Firm points out that plaintiff served his second request for production of documents upon the Firm (in the body of an email) on September 13, 2020.  Since, under Rule 34, a response thereto is due on October 13, 2020, the Firm is not in default of its discovery obligations in any way.

Hon. Lorna G. Schofield
September 15, 2020
Page 4

**Request for an Extension of the Discovery Deadline**

Plaintiff and the Firm hereby respectfully request that the discovery cut-off in this case be extended through December 18, 2020.

Thank you for your consideration of this matter.

Respectfully,                                               Respectfully,

/s/ Jonathan A. Wexler                                      /s/ Wayne E. Cousin

                                                            Wayne E. Cousin

Jonathan A. Wexler

JAW/ema

The application to extend discovery is **DENIED** without prejudice to renewal by **September 18, 2020**. Any renewed request must include information on what discovery has been completed, what discovery is outstanding, and if any depositions are outstanding, who remains to be deposed and when the depositions would occur if the discovery deadline were extended.

Defendant Gordon & Silber's application to compel responses to the three document requests is **GRANTED** for substantially the same reasons as stated by Defendant. Plaintiff shall produce documents responsive to the three document requests from the period that Plaintiff was still employed by Defendant only. Plaintiff shall produce documents only to the extent that they have not already been produced.

So Ordered.

Dated: September 16, 2020
        New York, New York

                                                LORNA G. SCHOFIELD
                                                UNITED STATES DISTRICT JUDGE

VP/#39518258.2